# LAW OFFICE OF
# YURIY MOSHES, P.C.

**Please reply to our BROOKLYN office**

1 Bridge Plaza North, Suite 234

Fort Lee, NJ 07024

517 Brighton Beach Ave.
Second Floor
Brooklyn, NY 11235

**Tel. (888) 445-0234 Fax: (646) 843-7570**

Yuriy Moshes, Esq.
*Member of NJ and NY Bar.*

Gennady Litvin, Esq.
Jessenia Maldonado, Esq.
*Members of NY Bar.*

May 25, 2023

Ms. Rawnaq Khudai
20 River Court
Apt. 3609
Jersey City, NJ 07310

> **Re:** **Khudai v. Akamai Technologies**
> **Case No.: 20-CV-03686(JHR)(JLC)**

Dear Rawnaq,

As you know, The Law Office of Yuriy Moshes ("LOYM") is your former counsel and currently defending their charging lien against you in the above referenced matter. I write on behalf of LOYM and personally on my behalf to provide you with notice of LOYM's and my intent to seek sanctions against you under Federal Rule of Civil Procedure 11 and the Courts' inherent authority. The court has the authority to impose Rule 11 sanctions *sua sponte*. *See, Taylor v. Blakey*, Civil Action No. 03-0173 (RMU), Doc. No. 42 (D.D.C. Feb. 6, 2006); Fed. R. Civ. P. 11(c)(1)(B); Fed. R. Civ. P. 11(c)(2).

Unless Plaintiff withdraws her May 19, 2023 letter, filed on May 22, 2023 and again on May 23, 2023, LOYM will seek sanctions, and the foregoing letter is being sent in compliance with Rule 11's "safe harbor" provision. See, Fed. R. Civ. Pro. §11.

Rule 11 provides that when an attorney ***or party*** signs a pleading ***or other paper***, that person certifies that to the best of their knowledge or belief ***and based on reasonable inquiry***:

(1) [the pleading or other paper] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims … and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

(3) the allegations and other factual contentions have evidentiary support or … are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery …

"The standard for triggering the award of fees under Rule 11 is objective unreasonableness," and good faith is generally not a defense. *In re Australia and New Zealand Banking Group Ltd. Securities Litig.*, 712 F. Supp. 2d 255, 265 (S.D.N.Y. 2010). In imposing Rule 11 sanctions a party has the affirmative duty to make a reasonable inquiry into the factual allegations being asserted. Id. at 263. In this regard, Rule 11 protects courts from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (*quoting Cobell v. Norton*, 157 F. Supp. 2d 82, 86 n. 8 (D.D.C. 2001)).

You have violated Rule 11 because it is very obvious that your May 19, 2023 letter is replete with false assertions that can easily be proven false with simple and reasonable inquiry.

First, your assertion that the retainer agreement I provided is not the same retainer that you executed is patently false. On July 8, 2019, you met with Attorney Alex Umansky for a consultation. At that time, Mr. Umansky and yourself executed the retainer agreement. You were then provided with a copy of that retainer agreement. If your claim is that I provided a fraudulent retainer, then provide the retainer you actually executed. In addition, you also fail to describe the specific "content" which you did not consent to. Obviously, because the retainer does not contain any content that you did not consent to on July 8, 2019.

Secondly, other than the instant action, LOYM including its attorneys never filed a lawsuit on your behalf. A search of the Supreme Court of the State of New York - New York County's case database did not yield any results where you are named a Plaintiff or Defendant. A search of the Southern District of New York's case database you are only listed as a party in the instant matter. In addition, a "Orrin Devinsky" was a named Defendant in two cases, which is unrelated to you and LOYM did not file those lawsuits. *See*, Exhibit 1. As such, with a reasonable inquiry your allegations that LOYM filed lawsuits without your knowledge and consent is easily proven false. These "lawsuits" simply do not exist.

Finally, LOYM never colluded with Mustafa Khafateh. In fact, neither LOYM nor its attorneys are familiar, know, or have any relationship at all with Mr. Khafateh. Accordingly, it is impossible for any collusion to occur. This allegation is baseless and made up of thin air.

For the foregoing reasons, Plaintiff must immediately withdraw her May 19, 2023 letter by no later than June 15, 2023. If you refuse to do so, LOYM will seek and are entitled to sanctions. LOYM reserves any and all rights, including but not limited to seeking fees, costs, and expenses associated with your continued patently, meritless allegations contained in your letter.

Please be guided and proceed accordingly.

Sincerely,

LAW OFFICE OF YURIY MOSHES, PC

Jessenia Maldonado, Esq.

Encl.

## NYSCEF - New York State Courts Electronic Filing (Live System)

## Case Search Results

County: **New York**
Party Name: **Orrin devinsky**

**Sort By:** Claim/Index #

| Case #<br>Received Date | eFiling Status<br>Case Status | Caption | Court<br>Case Type | Action |
|---|---|---|---|---|
| 650629/2021<br>01/27/2021 | Partial Participation<br>Recorded<br>*Pre-RJI* | Killian Brait v. Silver Spike Acquisition Corp. et al | New York County Supreme Court<br>*Commercial - Other* | File \| Consent |
| 650686/2021<br>01/29/2021 | Partial Participation<br>Recorded<br>*Pre-RJI* | Dale Stout v. Silver Spike Acquisition Corp. et al | New York County Supreme Court<br>*Commercial - Other* | File \| Consent |

# Select A Case

**Orrin Devinsky is a plaintiff in 2 cases.**

1:05-cv-02064-PAC    Devinsky v. Kingsford et al    filed 02/14/05    closed 05/15/13

1:92-cv-08359-PKL    Devinsky, et al v. Tavakoli    filed 11/19/92    closed 08/31/93

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/25/2023 09:39:19 | | | |
| **PACER Login:** | jmaldonado | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Devinsky First Name: Orrin Type: pty |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**1:20-cv-03686-JHR-JLC** Khudai v. Akamai Technologies, Inc. et al
Jennifer H. Rearden, presiding
James L. Cott, referral
**Date filed:** 05/12/2020
**Date of last filing:** 05/23/2023

[Mobile Query](#)

**Query**

[Alias](#)                              [View a Document](#)
[Associated Cases](#)
[Attorney](#)
[Case File Location...](#)
[Case Summary](#)
[Deadlines/Hearings...](#)
[Docket Report ...](#)
[Filers](#)
[History/Documents...](#)
[MDL Case Report](#)
[Party](#)
[Related Transactions...](#)
[Status](#)

### Selection Criteria for Query

| | |
|---|---|
| **Name Criteria** | rawnaq khudai |
| **Name Matched** | **RAWNAQ KHUDAI** |

NYSCEF - New York State Courts Electronic Filing  (Live System)

## Case Search Results

Party Name: **R Khudai**