UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAWNAQ KHUDAI, <br><br> Plaintiff, <br><br> -v.- <br><br> AKAMAI TECHNOLOGIES et al., <br><br> Defendants. | 20 Civ. 03686 (JHR) (JLC) <br><br> <u>ORDER ADOPTING REPORT</u> <u>AND RECOMMENDATION</u> |

JENNIFER H. REARDEN, District Judge:

Plaintiff Rawnaq Khudai, acting *pro se*, brings this employment discrimination action against Akamai Technologies and several of its employees. Before the Court is the November 1, 2023 Report and Recommendation of Magistrate Judge James L. Cott, ECF No. 112, recommending that the Court grant the motions of Plaintiff's former counsel, the Law Office of Yuriy Moshes, P.C. ("LOYM"), for (1) attorneys' fees based upon a charging lien, pursuant to Section 475 of the New York Judiciary Law, and (2) sanctions against Khudai. *See* ECF Nos. 94, 104.[1] The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons stated below, the Court finds no clear error in the Report and Recommendation and adopts it in full.

## I. PROCEDURAL HISTORY

On October 25, 2022, Plaintiff's then-counsel, Jessenia Maldonado of LOYM, moved to withdraw as counsel in this case. *See* ECF No. 67.[2] On December 16, 2022, Judge Cott granted Ms. Maldonado's motion. ECF No. 81. The Order noted that "LOYM has asserted a charging

---

[1] Judge Cott addressed these motions by report and recommendation because "it is unsettled in the Second Circuit whether magistrate judges have the authority to impose Rule 11 sanctions or determine the amount of a charging lien." ECF No. 112 at 1 n.1 (collecting cases).

[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 112.

lien against Ms. Khudai[,]" the "resolution of [which] will be determined at a later stage of the case[.]" *Id.* at 2 n.1.  On April 7, 2023, after a settlement in principle of the underlying action had been reached, LOYM moved for enforcement of a lien because "[i]t [was] undisputed that the settlement reached . . . qualifies as a party's 'affirmative recovery,' [which] allow[ed] LOYM's lien to attach to [the] settlement."  ECF No. 94 at 2.

Following reassignment to this Court,[3] LOYM moved for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* ECF No. 104.  LOYM argued that sanctions were appropriate in light of a "plethora of false allegations" against it in several of Plaintiff's letters to Judge Cott.  *See* ECF No. 112 at 11 (quoting ECF No. 105 at 1).  Despite having been warned about the possibility of sanctions, Plaintiff reaffirmed these unsubstantiated allegations in subsequent filings.  *Id.* at 13 (quoting Plaintiff as stating that "counsel may have 'drugged [her] with something akin to a date-rape drug' to get her to sign the settlement agreement" (quoting ECF No. 109 at 13)).  On August 31, 2023, Plaintiff opposed the motion, ECF No. 109, and on September 14, 2023, LOYM filed a reply in further support of its motion, ECF No. 110.  On September 15, 2023, Plaintiff filed a sur-reply without leave, ECF No. 111, which Judge Cott nevertheless considered in light of Khudai's *pro se* status, *see* ECF No. 112 at 4 n.3.

The Report and Recommendation notified the parties that they had "fourteen (14) days . . . from service of this Report and Recommendation to file any objections (plus three days because the Report is being mailed to Plaintiff)."  ECF No. 112 at 15.  The Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL**

---

[3] This case was originally assigned to the Honorable Andrew L. Carter.

**PRECLUDE APPELLATE REVIEW.**" *Id.* (emphasis in original). Nonetheless, as of the date of this Order, no objections have been filed, and no request for an extension of time to object has been made.

## II.     DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 112 at 15, Plaintiff did not file any objections to the Report and Recommendation by the November 18, 2023 deadline. Thus, Plaintiff waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error and the Report and Recommendation to be well reasoned and grounded in fact and law.

### III.   CONCLUSION

Accordingly, the Report and Recommendation is ADOPTED in its entirety.  The Clerk of Court is directed to terminate all pending motions and close the case.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  May 8, 2024
        New York, New York

                                                                                               _____
                                                                                               JENNIFER H. REARDEN
                                                                                               United States District Judge