Case 1:20-cv-03686-JHR-JLC                    Khudai v. Akamai Technologies

Honorable Judge Jennifer H. Rearden,

I have three points to raise in this letter.

1. The signed Khudai v. Akamai settlement agreement is invalid because the signatory can not have thinking, memory or judgment impaired by illness at the time of signing an agreement.

   In the beginning of 2023 there was a conference held by Judge Cott and attended by the defendants' counsel Mr. Peter Shapiro and I during which Judge Cott set March 1, 2023 to be the deadline for signing the settlement agreement and confidentiality agreement so I was forced to sign them despite being cognitively impaired. My memory and judgment were both impaired to the extent that I was disabled. I also had a severe mental illness at that time. I was admitted to a hospital. Soon I became paranoid and I genuinely believed that my husband was a genius psychopathic serial killer who could come to torture me to death at any time. The police came to my home multiple times and they tried to get me admitted inside a hospital again. Such was the state of my mind during which I signed the Khudai v. Akamai settlement agreement and confidentiality agreement.

   I have extensive documentation to prove that I was cognitively and mentally impaired during the previous years, and especially during the second half of 2022 and all of 2023. I can submit letters by two doctors if Your Honor asks me to do it.

I need a one page addendum to the settlement agreement to render it valid. I will draft it and send it to Akamai to sign. It costs literally $0 to the defendants. Not getting that addendum will cost me approximately $800,000 and I refuse to accept that loss. I will not let it go. Akamai must sign the short addendum which I will draft and email Akamai so that we can all bury this case.

2. There is another issue which I need to bring to the attention of Your Honor.

   There is a court agreement (from public record) that confidential discovery shouldn't be disclosed:

   ```
   "With respect to "Discovery Material" (i.e.,
   information of any kind produced or disclosed in
   the course of discovery in this action) that a
   person has designated as "Confidential" pursuant
   to this Order, no person subject to this Order may
   disclose such Confidential Discovery Material to
   anyone else except as this Order expressly
   permits"
   ```

   My former counsel, the Law Office of Yuriy Moshes, violated that Court agreement. LOYM leaked much confidential Discovery Material and confidential emails I exchanged with LOYM in an online link to a public Dropbox folder. In that public folder thousands of pages of my HIPAA protected medical records were also released. Thousands of pages. LOYM committed a crime for which I am contacting law enforcement. I want LOYM charged and prosecuted in a criminal court. Is there anything which

Your Honor can do about this? I can present evidence of the transgression committed by LOYM to Your Honor during the conference which I am requesting. I want to discuss this during the conference.

3. Last but not least, neither my former counsel nor the defendants counsel have shared with me all material which they exchanged during discovery. The defendants' counsel Mr. Peter Shapiro must have it all in one folder on his computer and he can upload it to his Google drive account and email me the link to it. It will take him less than 15 minutes to do it. I must know all messages, all emails which my colleagues and management at Akamai received from phone numbers and email accounts tied to my name. I have asked again and again my former counsel LOYM and the defendants' counsel for this information since 2022 and I have still not received it. I need this information to be emailed to me in a confidential email.

I request Your Honor to permit a conference to be scheduled.

Sincerely,

*Rawnaq CXudai*

Rawnaq Khudai

June 26, 2024

(551)229-5033

rawnaq.khudai@gmail.com

535 Bergen St, Newark NJ 07108