

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

July 10, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Khudai v. Akamai Technologies, Inc., et al.*
              Case No: 1:20-cv-03686-JHR-JLC

Dear Judge Rearden:

      On behalf of Defendants, I write to respond to Plaintiff's June 26, 2023 letter (docket no. 133).

**THE SETTLEMENT SHOULD NOT BE UNWOUND OR REVISED**

      First, Defendants submit that the Court should not grant Plaintiff's request to schedule a conference to address her contention that the parties' settlement agreement (the "Agreement") is "invalid" because she was not competent to enter into the Agreement even though she acknowledges having signed it and having accepted payment from Defendant Akamai Technologies, Inc. ("Akamai"), which she does not propose to refund. While it is unclear whether Plaintiff seeks to rescind the Agreement or only to modify it, she is not entitled to either remedy. We address both rescission and reformation below.

      It is evident that Plaintiff was competent to enter into this settlement and she did so, and also that she had every opportunity to repudiate the Agreement before she ultimately signed it on March 2, 2023, and even thereafter including before she accepted payment. She was represented by counsel at the July 20, 2022, settlement conference with Magistrate Judge Cott, and she actively participated in the negotiations at that time and thereafter. She participated in a lengthy telephone conference with Judge Cott on February 1, 2023 (docket no. 84). There was regular correspondence with the Court thereafter. At any time during this period Plaintiff could have, but conspicuously did not, repudiate the settlement she had agreed to. Moreover, this is clearly not a case of a client who was misled by

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

142557357.1

Hon. Jennifer H. Rearden
July 10, 2024
Page 2

counsel or who did not realize what she was signing. In fact, after she began representing herself, she was actively involved in negotiating various terms with defense counsel that resulted in the final agreement that she signed. Instead of repudiating the Agreement after she signed it, Plaintiff sought to increase her share of the consideration being paid, by arguing that her former counsel had not earned the fee they sought for their work on the case including because she renegotiated the Agreement terms. (Docket nos. 92, 95, 97, 100, 101, 109, 111). Judge Cott then issued a report and recommendation, dated November 11, 2023 (the "Report"), that rejected Plaintiff's arguments and sanctioned her under Rule 11 for having harassed her former counsel and made unsubstantiated statements about them (Docket No. 112). Your Honor issued an order, dated May 8, 2024, that adopted the report and recommendation.

Notably, the Report focused on Plaintiff's having repeatedly made troubling, harmful statements without evidentiary support that constituted conduct warranting sanctions under Rule 11. It is evident that Plaintiff is not chastened by those admonitions since her latest submission constitutes yet another example of her seeking relief based on wild charges founded only upon speculation and conjecture.

As far as the relief sought, it appears Plaintiff does not actually want to rescind the agreement based on her claimed lack of capacity. Instead, she wants to reform it, supposedly based on the need for a brief addendum that she believes will save her $800,000 in some unknown fashion. Having agreed to settle, and having signed the Agreement and accepted the settlement payment which she seems intent on retaining, Plaintiff presents no valid basis to compel Akamai to agree to a modification. "In the proper circumstances, mutual mistake or fraud may furnish the basis for reforming a written agreement." *Collins v. Harrison-Bode*, 303 F.3d 429, 434 (2d Cir. 2002) (quoting *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 573 (1986). But the proponent of reformation must "show in no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties." *Chimart*, 66 N.Y.2d at 574. Unilateral mistake alone will not justify reformation. *Healy v. Rich Prods. Corp.,* 981 F.2d 68, 73 (2d Cir. 1992).

Plaintiff cannot possibly meet her burden to show mutual mistake or fraud or that the parties actually agreed on something other than the terms set forth in the heavily negotiated, multiple page Agreement. Akamai submits that there is no basis whatsoever to conclude that the Agreement does not accurately reflect what the parties agreed to, and there is similarly no basis to conclude that any mutual mistake occurred. Plaintiff does not argue otherwise, contending only that the Agreement is invalid because she was supposedly incompetent in 2022 and 2023, but that she would be willing to abide by the settlement only if Akamai agreed to certain revised terms. Given that Akamai is emphatic that the instant settlement was fully negotiated and executed, and has long since been completed, it is not willing to consider the nonsensical amendment that Plaintiff belatedly claims to be essential, and there is no basis to compel it to do so.

It is important to note that the settlement agreement will be viewed as a contract governed by New York law, under which generally a "release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake." *Shklovskiy v. Khan*, 273 A.D.2d 31, 372 (2d Dep't 2000). *See Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). Even when a party to the contract seeks relief based on lack of capacity, that party must meet the "extremely heavy" burden to overcome the presumption of capacity. *Harrison v. Grobe*, 790 F. Supp. 443, 447 (S.D.N.Y. 1992), *aff'd,* 984 F.2d 594 (2d Cir. 1993). Plaintiff cannot meet that burden. In *Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 402 (2d Cir. 1989), the Second Circuit addressed factors to be considered in evaluating attempts to invalidate waivers of discrimination claims. Analysis of those factors compels the conclusion that Plaintiff has not presented any basis to repudiate the Agreement or seek reformation. She has a college education and has had a professional career. She had access to the Agreement for months before signing. As she has represented to the Court, she herself negotiated many important terms of the Agreement after her counsel withdrew. The Agreement is clear, not ambiguous, and she had been represented by counsel during the negotiation of the Agreement before it was finalized. Judge Cott gave her the opportunity to consult new counsel before proceeding with the settlement negotiations; she does not deny that she elected to proceed pro se (Docket nos. 81, 84), and she does not assert that the Agreement should be invalidated because she was unrepresented at the time she signed it. Judge Cott's involvement in overseeing the settlement process at conferences and review of the parties' written submissions also belies Plaintiff's claims, and underscores that no duress was involved. *See also Mazurkiewicz v. N.Y. City Health & Hosps. Corp.,* 585 F. Supp.2d 491 (S.D.N.Y. 2008) (granting motion to dismiss a discrimination complaint based on a binding release executed by plaintiff of his discrimination claims).

Additionally, a claim of lack of capacity without supporting objective evidence is insufficient to justify undoing an agreement. *Rivera v. Sovereign Bank*, 976 F. Supp. 2d 270, 281 (E.D.N.Y. 2013). Further, "simply being under treatment for a mental health condition does not equate with an inability to make a knowing and voluntary decision . . . " *Id*. at 282.

To the extent Plaintiff seeks to rescind the settlement agreement rather than to reform it, her application should be rejected based on her ratification by acceptance and retention of the consideration she concededly received. *VKK Corp. v. National Football League*, 244 F.3d 114, 122-23 (2d Cir. 2001). *See Cheung v. New York Palace Hotel*, 2005 WL 2387573 (E.D.N.Y. Sept. 28, 2005) (finding ratification where the plaintiff failed to tender back the consideration she received for releasing her claims).

If the Court concludes that it cannot resolve this issue based on the parties' correspondence, Defendants submit that a formal motion and opposition should be submitted in lieu of a conference that is likely to be unproductive.

Hon. Jennifer H. Rearden
July 10, 2024
Page 4

### THERE IS NO BASIS TO CONCLUDE THAT
### CONFIDENTIAL INFORMATION WAS DISCLOSED

Plaintiff next asserts that her former counsel violated the protective order in this case by publicly disclosing confidential discovery materials. We are unaware of any factual basis to support that accusation and counsel has responded separately. Even assuming arguendo that Plaintiff were correct, and that the Court sees a valid issue for adjudication, we would propose that she should be required to submit a formal motion seeking such relief as she deems appropriate, to which counsel can respond, and the Court can resolve the issue without any further involvement by Defendants.

### PLAINTIFF'S REQUEST FOR PRODUCTION OF
### WRITTEN DISCOVERY SHOULD BE REJECTED

Finally, Plaintiff asks that Defendants be compelled to provide her with copies of the discovery materials exchanged prior to settlement. We understand from the submission by her former counsel that they already shared those materials with her at her request. There is no basis to compel Defendants to incur the time and expense of gathering and sending the materials – including ediscovery – given that fact and in light of the settlement and dismissal of this action.

In conclusion, we ask the Court to forego scheduling a conference. If the Court concludes that a conference is called for, we will of course be pleased to attend. Thank you for your attention to this matter.

Respectfully,

/s/ Peter T. Shapiro

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

PTS:mf

cc:    Rawnaq Khudai (via ECF and Email)
       Former counsel for Plaintiff (via ECF)